NOT FOR PUBLICATION


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRED POWELL, | No. 10-55167 |
| Plaintiff - Appellee, | D.C. No. 2:09-cv-00729-VBF-VBK |
| v. | |
| ANHEUSER-BUSCH INCORPORATED, a Missouri Corporation, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Argued and Submitted October 11, 2011
Pasadena, California

Before: LEAVY and WARDLAW, Circuit Judges, and MAHAN, District Judge.**

Anheuser-Busch, Inc. ("ABI") appeals the district court's January 8, 2010,

order granting Fred Powell's motion for reconsideration of the district court's June

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

29, 2009, order compelling arbitration. We have jurisdiction pursuant to 9 U.S.C. § 16(a), and we affirm.

The Collective Bargaining Agreement ("CBA") between ABI and Powell's union, Teamsters Local Union No. 896 ("Union"), does not "clearly and unmistakably" require Powell to arbitrate claims of statutory discrimination. *See 14 Penn Plaza LLC v. Pyett*, 129 S. Ct. 1456, 1474 (2009). Although it is unclear whether the district court relied on the lack of a clear and unmistakable waiver in granting Powell's motion for reconsideration, we may affirm on any basis supported in the record, "even if it differs from the district court's rationale." *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 994 (9th Cir. 2009) (internal quotation marks omitted).

We will not interpret a CBA to waive an individual employee's right to litigate statutory discrimination claims unless the CBA waiver "explicit[ly] incorporat[es] . . . statutory antidiscrimination requirements." *Wright v. Universal Mar. Serv. Corp.*, 525 U.S. 70, 80 (1998). The CBA here did not explicitly incorporate Powell's disability discrimination claims under the California Fair Employment and Housing Act ("FEHA"). *See* Cal. Gov't Code §§ 12940 *et seq.* Although CBA Section 41"recognizes" ABI's duty to comply with FEHA, it is clearly addressed to a situation where ABI's compliance with FEHA conflicts with

2

any provision of the CBA. Where the only reasonable accommodation available conflicts with the CBA, and ABI adopts it anyway, the Union may challenge the accommodation through the grievance procedure. Section 41 speaks not at all to the right of an individual employee to litigate a FEHA claim against ABI.

Moreover, the CBA supplies arbitration procedures only as between ABI and the Union. The CBA provides no mechanism that would allow an individual to commence the grievance and arbitration process without the Union's participation, as is the case here. Nor is any mechanism provided to resolve disputes between ABI and an individual employee over the selection of an arbitrator; the arbitrator selection procedures set forth in Section 32.03 apply only to ABI and the Union. The CBA's failure to contain any arbitration procedures governing the arbitration of Powell's statutory claim against ABI is the very reason for the "complete breakdown in the arbitration process" found by the district court.

**AFFIRMED.**

3